UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH LAMONT FARMER, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 3:12-0489 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| CPL. CHRIS PARKER, *et al.*, ) | |
| ) | |
| Defendants ) | |

## O R D E R

The Clerk has received a letter from the Plaintiff in this matter (Docket Entry 30). As an initial matter, anything the Plaintiff sends to the court should be in the form of a motion that is something he asks the court to do, or a response that is saying why something the Defendants requested should not be granted.

In this case, there are two pending motions to dismiss-one by Sheriff Hall (Docket Entry 25), and one by Metropolitan Government (Docket Entry 27). Both of these motions ask that the case as to these Defendants be dismissed because the Plaintiff has not stated a valid claim against them.

The Defendant Parker has requested additional time to file an answer or other pleading, and the Magistrate Judge has given Defendant Parker until August 13, 2012, to file an answer or other pleading.

Turning to the letter from Plaintiff (Docket Entry 30), the Magistrate Judge is not sure what the Plaintiff is asking for. The Plaintiff does advise that he anticipates being moved in the

near future. The Plaintiff must keep a current address on file with the Court at all times and he should notify the Court as soon as he is moved and knows where he will be located.

The letter seems to make some mention of a request for the appointment of counsel. To the extent this is a request for appointment of counsel, it is **DENIED**.

The appointment of an attorney in civil cases is limited to exceptional cases. This case does not appear to meet those standards.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services,* 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only occur under exceptional circumstances. *Lavado v. Kechane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstances exist.

It further appears that Plaintiff's letter may be an effort to respond to the motions to dismiss by Sheriff Hall and by Metropolitan Government. If so, it is very difficult to understand. If the Plaintiff intended for this to be his response

2

to the motions to dismiss, the Magistrate Judge will consider it and prepare a report and recommendation to Judge Trauger as to whether the motions should be granted or denied.

If it was not the Plaintiff's intent to make this his response to the two motions to dismiss, the Plaintiff may have until **August 20, 2012**, to file a proper response.

The Plaintiff is responsible for sending a copy of any response to counsel for the Defendants and every document that you file should have a proper certificate of service at the end of it in the form as follows. When counsel for Defendant Parker answers the complaint, their attorney's name and address must also be included in the certificate of service.

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served by mail upon Cynthia E. Gross and Allison L. Bussell, Metropolitan Legal Department, Post Office Box 196300, Nashville, TN 37219, on  **WRITE IN THE DATE YOU MAIL THE DOCUMENT**  .

                        **SIGN your name & print address**
                        Keith Lamont Farmer #320523
                        Davidson County Sheriff's Office
                        P.O. Box 196383
                        Nashville, TN 37219-6383

The Plaintiff should not send documents to the Clerk asking for relief from this case without sending a copy to counsel for the Defendants.

It is so **ORDERED.**

                        /s/ Joe B. Brown
                        JOE B. BROWN

United States Magistrate Judge