UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH LAMONT FARMER ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0489 |
| ] | Judge Trauger/Brown |
| CPL. CHRIS PARKER, et al. ] | |
|     Defendants. ] | |

To: Honorable Aleta A. Trauger, District Judge

### R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No.3) entered May 22, 2012, the instant action was referred to the undersigned "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court."

Presently pending are Motions to Dismiss from the defendants, Sheriff Daron Hall (Docket Entry No.25) and the Metropolitan Government of Nashville and Davidson County (Docket Entry No.27).

### I. Background

The plaintiff, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this

1

action pursuant to 42 U.S.C. § 1983 against Cpl. Chris Parker, a guard at the Davidson County Criminal Justice Center; Daron Hall, Sheriff of Davidson County; and the Metropolitan Government of Nashville and Davidson County; seeking injunctive relief and damages.

Prior to arriving at his present place of confinement, the plaintiff was an inmate at the Davidson County Criminal Justice Center. On January 22, 2012, he was in handcuffs being led from the exercise yard back to his cell. According to the plaintiff, Cpl. Parker asked to see his legal mail. When the plaintiff refused, Cpl. Parker allegedly used excessive force on him without provocation. More specifically, he claims that Cpl. Parker pushed his face up against a wall, hit the plaintiff in the back of the head, and sprayed him with mace. When the plaintiff slumped to the ground, Cpl. Parker then allegedly placed his knee on the plaintiff's buttocks, causing the plaintiff to lose consciousness.

When the plaintiff regained consciousness, he was unable to see because of the mace that had been sprayed in his face. The plaintiff was taken to the clinic and eventually returned to his cell. He further claims that Cpl. Parker threatened to hurt his brother who was also an inmate at the Criminal Justice Center. Plaintiff believes that he is entitled to relief for what he considers to be a violation of his constitutional rights.

## II. Standard of Review

A Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937,1951 (2009). In reviewing a Motion to Dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Williams v. Curtin, 631 F.3d 380,383 (6th Cir.2011). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) Motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. Iqbal, *supra* at 129 S.Ct. 1950.

### III. Motion to Dismiss - Sheriff Daron Hall

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The plaintiff has named Sheriff Daron Hall as a defendant to

3

this action because "he's over the county jail". Docket Entry No.1 at pg.3. But the plaintiff can not sue a defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. <u>Iqbal</u>, *supra* at 129 S.Ct. 1948. At a minimum, a § 1983 plaintiff must plead and be able to prove that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of an offending subordinate. <u>Bellamy v. Bradley</u>, 729 F.2d 416,421 (6th Cir.1984).

In this case, the plaintiff has not alleged that Sheriff Hall was in any way involved in the assault upon him. In fact, Sheriff Hall is never mentioned in the plaintiff's Statement of Claim. *See* Docket Entry No.1 at pgs.3-5. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). As a consequence, the plaintiff has failed to state a claim against Sheriff Hall upon which § 1983 relief can be granted. Therefore, the undersigned finds that Sheriff Hall's Motion to Dismiss has merit and should be granted. 28 U.S.C. § 1915(e)(2).

### IV. Motion to Dismiss - Metro Government

The plaintiff contends that the Metropolitan Government of Nashville and Davidson County is also liable for the misconduct of

Cpl. Parker.

A governmental entity can not be held liable solely because it employs a tortfeasor. <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658,691 (1978). Thus, a municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989). To demonstrate municipal liability, the plaintiff must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred as a result of that policy. <u>Alkire v. Irving</u>, 330 F.3d 802,815 (6th Cir.2003).

In his Statement of Claim, the plaintiff never mentions the Metropolitan Government of Nashville and Davidson County. Nor has he offered factual allegations that would suggest that he was assaulted and injured pursuant to some type of official policy or custom. Consequently, the plaintiff has failed to state an actionable claim against this defendant for § 1983 relief.

### R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the plaintiff has failed to state a claim against Sheriff Daron Hall and the Metropolitan Government of Nashville and Davidson County for which relief can be granted. It is respectfully RECOMMENDED, therefore, that the Court GRANT the defendants'

Motions to Dismiss (Docket Entry Nos. 25 and 27).

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/S/ Joe B. Brown
_____
Joe B. Brown
United States Magistrate Judge