```
                       UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF TENNESSEE
                             NASHVILLE DIVISION

KEITH LAMONT FARMER,            )
                                )
       Plaintiff                )
                                )   Case No. 3:12-0489
v.                              )   Judge Trauger/Brown
                                )   **Jury Demand**
CPL. CHRIS PARKER, *et al.*,    )
                                )
       Defendants               )
```

## **O R D E R**

The Clerk has received a packet of six documents from the Plaintiff in this matter on February 15, 2013. There is no cover letter or motion accompanying these documents, which are subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil case. The Magistrate Judge will refer to them individually.

1. The first is directed to the Defendants' attorney, Mr. D. Randall Mantooth, and is a request for a copy of the deposition of the Plaintiff taken on January 16, 2013. There is no requested date and time for this production to take place. The Plaintiff is entitled to receive a copy of his deposition to see if there are any corrections to be made in the transcript. The Magistrate Judge understood that this had been done. If the Plaintiff has not been sent a copy to see if he has any corrections to make, it should be done so forthwith. If the Plaintiff wishes to order a personal copy of his deposition, he needs to make the

necessary financial arrangements with the court reporter. The Court will not pay this cost for him.

2. Next are subpoenas to produce documents directed to Jessica Ruth, Susan Howell, Jose Hall, Timothy Fields, and Kevin Lillard, which appear to request depositions of these individuals on February 15, 2013. The Magistrate Judge notes that the Defendant filed a notice of depositions for these five individuals for February 15, 2013 (Docket Entries 93-97). To the extent these subpoenas are requests for a copies of the deposition transcripts, the Plaintiff will need to make appropriate financial arrangements to purchase copies from the court reporter. The Court will not issue subpoenas for the transcripts. The Plaintiff had the right to be present at these five depositions and to ask questions of the witnesses.

3. Next is a subpoena to produce documents directed to Chief Johnson with a return date of January 22, 2012. The specific request is for a video tape of the incident between the Plaintiff and the Defendant. This is a request that would be more appropriately directed to the Defendants' attorney and the Magistrate Judge would expect that, to the extent there is a video tape of the incident, a copy of it would be provided to the Plaintiff. If the Defendant does not have the ability to produce a copy of the tape then the Magistrate Judge will issue this subpoena upon being advised the tape exists.

4. Next is a subpoena for production of documents directed to Corporal Lazer, which requests any reports he made or filed regarding the incident between the Plaintiff and the Defendant. Again, these would be documents in the possession of the Police Department, and the Magistrate Judge would expect that they would be provided to the Plaintiff through the Defendants' attorney. If Defendant cannot produce these reports the Magistrate Judge will issue this subpoena for these reports upon notification that Defendant's attorney cannot provide copies to the Plaintiff.

For the reasons stated above, the **Clerk** will not issue any of the subpoenas sent by the Plaintiff at this time. The documents may be filed as requests for subpoenas.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge