UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH LAMONT FARMER, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 3:12-0489 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| CPL. CHRIS PARKER, *et al.*, ) | |
| ) | |
| Defendants ) | |

## O R D E R

The Defendant Chris Parker has filed a motion entitled "Defendant Chris Parker's Motion to Reconsider/Objection to Magistrate Order."

As an initial matter this motion improperly combines two things. If the Defendant wishes the Magistrate Judge to reconsider his order, that is certainly proper. If the Defendant wishes to file an objection to a Magistrate Judge's order, that is also proper. However, combining the two is not proper. Once the Magistrate Judge has ruled on a motion to reconsider then the Defendant is free to file a request for review by the District Judge in accordance with the local rules.

The Magistrate Judge will consider the request for reconsideration initially. The Magistrate Judge has not ordered the Defendant to provide the Plaintiff with a copy of his deposition transcript for the Plaintiff to keep. The Magistrate Judge has ordered the Defendant to send the Plaintiff a copy of the transcript to see if the Plaintiff has any corrections to make to

the transcript. The Plaintiff must return the transcript with any corrections to the Defendant. The Defendant is correct that the rules do provide that the court reporter must note in the certificate regarding the deposition whether a review was requested, and if so, must attach any changes the deponent makes during the 30-day period.

Nevertheless, this rule must be read with some latitude for a *pro se* plaintiff. If the transcript shows that the Plaintiff was advised of his right to make this request and he failed to do so, then the Magistrate Judge will not direct the Defendant to send the Plaintiff a copy for review. If the transcript does not show the Plaintiff was advised of this, then the Magistrate Judge's order, as stated above, stands. If the Plaintiff wishes a copy for his personal use he will need to make necessary arrangements with the court reporter.

Second, the Magistrate Judge will stand by his order in that the Defendant provide the Plaintiff a copy of the video tape of the incident without reimbursement. Quite frankly, Defendant's counsel has spent more in objecting to this issue than the $22.25 he requests for a copy. Normally, the cost of discovery is borne by the producing party. This is particularly true with a *pro se* plaintiff who is incarcerated.

The Magistrate Judge is frankly surprised that video equipment apparently used for surveillance office would be so hard

to reproduce and of such poor quality. The raising of objections over this could lead the Magistrate Judge to believe that the surveillance tape is detrimental to the Defendant's position. However, the Magistrate Judge is sure that that is not the impression the Defendant wishes to leave.

Item C: This issue appears to be resolved since the defense counsel says that he has provided to the Plaintiff a report on Defendant Parker's use of force. The only concern the Magistrate Judge has is the use of the language that the above report "is the only document in this Defendant's attorney's possession". The request would incorporate matters under the possession or control of the Defendant Parker. To the extend there are reports concerning this incident the Magistrate Judge expects them to be provided to the Plaintiff.[1]

If the Defendant wishes to appeal this order they should do so in accordance with the Court's local rules for proceeding before Magistrate Judges.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] The Magistrate Judge notes that throughout this pleading the counsel for the Defendants has referred to the undersigned as "Magistrate." Since 1991 the title has been Magistrate Judge. Calling a Magistrate Judge a Magistrate would be much like calling a Lieutenant Colonel "Lieutenant" in the military. If the title is to be shortened it should shortened to Judge.

3