## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **KEITH LAMONT FARMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| **v.** | ) | **Case No. 3:12-cv-00489** |
| | ) | |
| **CPL. CHRIS PARKER,** | ) | **JUDGE ALETA A. TRAUGER** |
| **SHERIFF DARON HALL, D.C.S.O., &** | ) | |
| **METRO GOVERNMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT CHRIS PARKER'S MOTION IN LIMINE
### TO EXCLUDE REFERENCE TO PSYCHOLOGICAL EXAMINATION

Comes Defendant Chris Parker, by and through counsel, and moves this Honorable

Court for an order prohibiting the introduction of evidence or any reference, either direct or

indirect, whether in opening statement, jury selection, or otherwise, on the part of the

attorneys for any party, the parties themselves, or any other of the parties' witnesses in this

cause, to Parker's psychological examination on April 16, 2012.  In support of his motion,

Defendant states as follows:

On April 16, 2012, Parker underwent a psychological examination ordered by the

DCSO in order to confirm a suspected diagnosis of post-traumatic stress disorder

(hereinafter "PTSD").  (See Parker Depo. 204-05, attached hereto as **Exhibit 1**).  Parker

testified that at this examination he was in fact diagnosed with PTSD as a result of two

incidents at work where he was assaulted by gang members.  (See Parker Depo. 180-81

attached hereto as **Exhibit 1**).  On May 8, 2012, Parker was notified by letter from Vickie

Black, Human Resources Director for DCSO, that "based on the results of the examination,

[he was] not qualified to be a correctional officer."  (See **Exhibit 2** attached hereto).  As

such, Parker's employment was terminated effective May 7, 2012. Shortly thereafter, the DCSO reinstated Parker and placed him on an injury on duty (IOD) pension. Any mention in documents or by Plaintiff, his attorneys, or any witnesses regarding the psychological examination on April 16, 2012, is not relevant to any issue in this matter and would serve to confuse the issues and/or mislead the jury, thereby causing unfair prejudice to Defendant.

As a pre-trial detainee, the Fourteenth Amendment is the source of Plaintiff's excessive force claim. Shreve v. Franklin County, Ohio, 743 F.3d 126, 133 (6th Cir. 2014). Accordingly, the primary issue for trial is whether the evidence proves that during the use of force incident on January 22, 2012, Parker "'acted maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.'" Id. at 134 (quoting Burgess v. Fischer, 735 F.3d 462, 473 (6th Cir. 2013)). The psychological examination is not relevant to this excessive force inquiry because it has nothing to do with Plaintiff or Parker's actions during the incident on the morning of January 22, 2012. The psychological examination took place nearly three months after the incident. Further, it allegedly confirmed a diagnosis of PTSD that was caused by two incidents at work that were entirely unrelated to Plaintiff.

Even if the psychological examination is somehow relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury. See Fed. R. Evid. 403. For example, Defendant's attorneys expect that Plaintiff will seek to introduce into evidence the aforementioned letter from Ms. Black in order to prove that Parker was not qualified to be a correctional officer based on the results of the examination. However, this letter contains no probative value since it is self-serving and does not provide details or actual opinions from the treating

physician to support its conclusory assertions. In fact, the actual report from the psychological examination has not been produced by Plaintiff in discovery. Therefore, the statements in the letter from Ms. Black concerning the results from the examination cannot be verified and constitute inadmissible hearsay. Accordingly, any mention of the psychological examination or the results thereof would unfairly prejudice the Defendant by misleading the jury into believing that Parker was in fact unfit for duty at the time of the use of force incident on January 22, 2012.

Based on the foregoing, Defendant moves this court to exclude introduction of any evidence or any reference to the psychological examination on April 16, 2012, and give an instruction to the attorneys and the parties not to reference or attempt to introduce such evidence.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY**
  **& NAPOLITAN, PLLC**

By:   s/D. Randall Mantooth
      **D. Randall Mantooth**
      BPRN 013875
      **N. Adam Dietrich II**
      BPRN 31093
      Bank of America Plaza
      414 Union Street, Suite 1900
      Nashville, Tennessee  37219-1782
      (615) 255-7722
      Email:  randy.mantooth@leitnerfirm.com

      Attorneys for Defendant Chris Parker

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the foregoing has been forwarded via electronic means via the Court's electronic filing system to:

     Aaron Monick, Esq.
     Monick Law Office
     3314 West End Avenue, Suite 403
     Nashville, Tennessee 37203

     Sean W. Lyons, Esq.
     The Law Office of Sean W. Lyons
     3200 West End Avenue, Suite 500
     Nashville, Tennessee 37203

     Allison L. Bussell, Esq.
     Cynthia E. Gross, Esq.
     Assistant Metropolitan Attorneys
     P.O. Box 196300
     Nashville, Tennessee 37219

this the 28th day of March, 2014.

       By:   s/D. Randall Mantooth
          **D. Randall Mantooth**