IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEITH LAMONT FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| v. | ) | Case No. 3:12-cv-00489 |
| | ) | |
| CPL. CHRIS PARKER, | ) | JUDGE ALETA A. TRAUGER |
| SHERIFF DARON HALL, D.C.S.O., & | ) | |
| METRO GOVERNMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRE-TRIAL ORDER

**1. Pleadings**

The pleadings in this matter are hereby amended to conform with this pre-trial order. Therefore, this pre-trial order shall supplant the pleadings in this matter.

**2. Jurisdiction**

Jurisdiction in this matter is not disputed. Jurisdiction is based on Plaintiff's claims under the Constitution of the United States, Amendments Eight and Fourteen, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**3. Plaintiff's Theory of the Case**

At the time of the incident alleged in the lawsuit, Plaintiff Keith Lamont Farmer was a pre-trial detainee in the custody of the Davidson County Sheriff's Office. On January 22, 2012, while in custody, Keith Farmer was maced, punched, and thrown into a wall by Defendant Chris Parker, and driven to the ground by Parker and Sergeant Lionel Farley, who both continued to assault him as he was restrained and on the ground and suffering a
N:\Docs\009017\000001\03228722.DOC

seizure.

Farmer posed no threat to Parker at the time and had made no aggressive actions towards him or towards any other officer. He had stated directly before the incident to Parker that he believed that the legal mail he was carrying on his person at the time could only be inspected in the presence of a Sergeant, and had requested one to be present before allowing Parker to view that mail. As a result of this assault, Farmer suffered a serious and long-lasting back injury. Defendant's harassment of Farmer continued later in the day. When Farmer was restrained in a restraint chair and was unable to move, Defendant threatened the safety of Farmer's brother and harassed and intimidated him verbally.

Defendant Parker's actions caused severe physical and mental injuries to Mr. Farmer. Mr. Farmer has suffered intense, continuous pain in his back and neck since the incident and has been diagnosed as suffering from Post-traumatic Stress Disorder as a direct result of the attack. These injuries persist to the present time and will continue into the future.

### 4. Defendant's Theory of the Case

On January 22, 2012, Corporal Chris Parker was employed with the Davidson County Sheriff's Office as a detention officer for the Davidson County Criminal Justice Center. On that date, Plaintiff Keith Farmer was a pre-trial detainee in the special management housing unit of the Criminal Justice Center. That unit is used to house inmates whose continued presence in the general population would pose a threat to life or property or as a punitive form of segregation as a result of a disciplinary violation.

Therefore, Cpl. Parker was required to be particularly vigilant regarding potential security risks posed by inmates housed in the special management housing unit.

On the morning of the incident, Cpl. Parker was in the recreation area on the roof of the Justice Center preparing to escort inmates back to their cells in the special management housing unit when he noticed that Mr. Farmer possessed a large, yellow envelope. Although this was a clear violation of housing rules, Cpl. Parker elected not to confront Mr. Farmer at that time because Cpl. Parker was greatly outnumbered by potentially dangerous inmates. After Cpl. Parker escorted Mr. Farmer and several other inmates from the recreation area to a holding cell in the unit, Cpl. Parker began to escort Mr. Farmer towards his cell located on the right side of the unit. At that time, Cpl. Parker directed Mr. Farmer to give him the envelope with the intent of searching it for contraband and/or weapons pursuant to standard operating procedure. Mr. Farmer reacted by verbally protesting, clutching the envelope closer to his body, and forcing his way past Cpl. Parker towards the left side of the unit. At that time, Sgt. Lionel Farley was in a potentially vulnerable position on the left side of the unit because he was down on one knee attempting to remove handcuffs from an inmate that he had just escorted back to a cell. Cpl. Parker perceived an immediate need to control Mr. Farmer's actions to avoid potential harm to Sgt. Farley and ensure that Mr. Farmer did not pass the unknown contents of the envelope to another inmate. Therefore, Cpl. Parker pursued Mr. Farmer and pushed him against a wall in an attempt to gain control of his person and isolate the potential threat from the unknown contents of the envelope and Mr. Farmer's erratic behavior. After Mr. Farmer continued to resist, Cpl. Parker first threatened to use and then used an approved

chemical spray in an attempt to gain compliance. Mr. Farmer continued to resist by running from Cpl. Parker and in the direction of Sgt. Farley. As Cpl. Parker pursued Mr. Farmer, Sgt. Farley met Mr. Farmer on the left side of the unit and performed a front leg sweep maneuver which caused Mr. Farmer to fall to the floor. After he fell, Mr. Farmer struggled with Cpl. Parker and Sgt. Farley. While Sgt. Farley attempted to gain control of Mr. Farmer's upper body, Cpl. Parker attempted to control the lower part of Mr. Farmer's body by placing his knee on Mr. Farmer's buttocks and grabbing his legs with his hands. After several inmates in the holding area of the unit appeared as if they were going to try to intervene in the struggle, another officer in the unit called a "code red" which summoned assistance from additional officers to deal with the security threat. Shortly thereafter, several of the additional officers took custody of Mr. Farmer and escorted him to another area of the unit for a medical assessment before placing him back in his cell.

Cpl. Parker used only the amount of force necessary to gain control of Mr. Farmer in order to preserve the security of the special management housing unit. Any injuries allegedly suffered by Mr. Farmer during that use of force were unavoidable and, regardless, were caused by the reasonable use of force by Sgt. Farley when he took Mr. Farmer to the ground. Therefore, Cpl. Parker is not liable to Mr. Farmer in this case and/or is entitled to qualified immunity from suit.

Mr. Farmer cannot support his claim that he suffered physical and mental injuries as a result of Cpl. Parker's actions. Therefore, Mr. Farmer is not entitled to any award of damages under any circumstances.

4

N:\Docs\009017\000001\03228722.DOC

Case 3:12-cv-00489   Document 218   Filed 04/09/14   Page 4 of 7 PageID #: 1355

5. **Issues of Fact to be Determined by the Jury**

   a. **Whether or not Plaintiff's guaranteed right under the United States Constitution to be protected from excessive uses of force while in custody as a pre-trial detainee was violated by Defendant Parker's use of force against Plaintiff on January 22, 2012.**

   b. **Whether or not Plaintiff is entitled to compensatory damages and/or punitive damages, and, if so, in what amount.**

6. **Issues for the Court**

   a. **Whether or not after Plaintiff's proof Defendant Parker is entitled to a directed verdict based on the doctrine of qualified immunity.**

   b. **Whether or not after Plaintiff's proof Defendant Parker is entitled to directed verdict on the issue of whether Defendant Parker's actions violated Plaintiff's constitutional rights.**

7. **Evidentiary Disputes**

a. Whether or not a subsequent, separate proceeding should be held for a determination by the jury of the appropriate amount of punitive damages in the event the jury finds in the initial trial that such damages are appropriate.

b. Whether or not evidence regarding the alleged sexual assault of Plaintiff by Defendant Parker should be excluded from trial.

c. Whether or not evidence related to the altercation between Plaintiff and Defendant Parker on the afternoon of January 22, 2012, should be excluded from trial.

d. Whether or not evidence regarding Defendant Parker's employment status should be excluded from trial.

e. Whether or not evidence or references to Defendant Parker's alleged altercations with other inmates should be excluded from trial.

f. Whether or not evidence regarding the size or characteristics of Defendant Parker's attorneys' law firm should be excluded from trial.

5

g.  Whether or not testimony regarding Plaintiff's alleged medical diagnoses should be excluded from trial.

h.  Whether or not evidence regarding any psychological examinations of Defendant Parker after January 22, 2012, should be excluded from trial.

i.  Whether or not testimony of Plaintiff's treating physicians and other undisclosed witnesses should be excluded from trial.

j.  Whether or not medical and mental health records of Plaintiff that were not disclosed by Plaintiff's attorneys to Defendant Parker's attorneys until recently should be excluded from trial.

**8. Other Matters**

This case is set for trial on April 15, 2014, and is expected to last three days. The possibility of settlement prior to trial is unlikely. Any additional matters to aid in the disposition of this action will be noted by separate orders or stipulations.

**IT IS SO ORDERED.**

_____
**THE HONORABLE JUDGE ALETA A. TRAUGER**

**APPROVED FOR ENTRY:**

/s/ Aaron Monick
Attorney for Plaintiff

/s/ Sean W. Lyons
Attorney for Plaintiff

/s/ D. Randall Mantooth
Attorney for Defendant

N:\Docs\009017\000001\03228722.DOC

6

Case 3:12-cv-00489   Document 218   Filed 04/09/14   Page 6 of 7 PageID #: 1357

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: s/D. Randall Mantooth
    **D. Randall Mantooth**
    BPRN 013875
    **N. Adam Dietrich II**
    BPRN 31093
    Bank of America Plaza
    414 Union Street, Suite 1900
    Nashville, Tennessee 37219-1782
    (615) 255-7722
    Email: randy.mantooth@leitnerfirm.com

Attorneys for Defendant Chris Parker

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded via electronic means via the Court's electronic filing system to:

    Aaron Monick, Esq.
    Monick Law Office
    3314 West End Avenue, Suite 403
    Nashville, Tennessee 37203

    Sean W. Lyons, Esq.
    The Law Office of Sean W. Lyons
    3200 West End Avenue, Suite 500
    Nashville, Tennessee 37203

    Allison L. Bussell, Esq.
    Cynthia E. Gross, Esq.
    Assistant Metropolitan Attorneys
    P.O. Box 196300
    Nashville, Tennessee 37219

this the 8th day of April, 2014.

By: s/D. Randall Mantooth
    **D. Randall Mantooth**