KEITH LAMONT FARMER,        )

      )

     **Plaintiff,**       )

      )

**v.**                   )     **Case No. 3:12-cv-0489**

      )     **Judge Trauger**

**CPL. CHRIS PARKER,**      )

      )

     **Defendant.**     )

# <u>JURY INSTRUCTIONS</u>

# GENERAL INTRODUCTION - PROVINCE OF THE COURT AND JURY

Members of the Jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The lawyers may have referred to some of the governing rules of law in their arguments. If, however, there is any difference between the law as stated by the lawyers and that stated in these instructions, you are, of course, to follow these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

# JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven the elements of his claim against the Defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The parties may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let anything that you may have seen or heard outside of court influence your decision in any way.

The term "evidence" includes the sworn testimony of the witnesses in court, whether testifying in person or by deposition, the exhibits admitted in the record, and the stipulations, if any, of the parties. Nothing else is evidence.

4

## EVIDENCE EXCLUDED

Evidence does not include several things that you have heard in the courtroom.

Evidence does not include any statement of the attorneys during the trial, including their closing arguments. You must decide for yourself whether you believe the facts show what the attorneys have argued they show.

Evidence does not include answers, statements, or comments made by the attorneys that I ordered stricken. You are to treat anything that I ordered stricken as if you had never heard it.

Finally, evidence does not include any objections raised by the attorneys. You must not speculate why I sustained or overruled any objection, nor are you permitted to guess what the answer might have been to any question I did not allow. You may not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

# CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something [or failed to say or do something] at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it

may; other times it may not. Two or more persons seeing an event may see or hear it differently. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

# POLICE OFFICER AND CIVILIAN WITNESSES

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers. In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You should not give any greater or lesser weight to the testimony of a witness solely because of his occupation as a police officer.

## GOVERNMENT EMPLOYEE WITNESSES

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the state or Metro Nashville. The testimony of a government employee is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a government employee witness on the ground that his or her testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the government employee and to give that testimony whatever weight, if any, you find that it deserves.

## ACTION BY PRIVATE CITIZEN AGAINST POLICE OFFICERS—
## ALL PERSONS STAND EQUAL BEFORE THE LAW

As you know, this action was brought by a private citizen against an officer of the Davidson County Sheriff's Office. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

# IMPEACHMENT OF WITNESS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive duty to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness has shown knowingly to have testified falsely considering any material matter, you have a right to distrust that witness's testimony in other particulars. You may reject all of the testimony of that witness or give it such credibility as you think it deserves.

Case 3:12-cv-00489   Document 227   Filed 04/18/14   Page 13 of 41 PageID #: 1382

## IMPEACHMENT BY CONVICTION OF A CRIME

The testimony of a witness may be discredited or impeached by showing that the witness has been convicted of (1) a felony, that is, a crime punishable by imprisonment for a for more than one year, or (2) any crime involving a dishonest act or false statement.

A prior conviction does not render a witness incompetent to testify but is merely a circumstance which you may consider in determining the credibility of the witness. It is up to you, the jury to determine the weight to be given to any prior conviction as impeachment.

# NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

# **OBJECTIONS**

There is one more general subject that I want to talk to you about before I begin explaining the substantive elements of the plaintiff's claims and the defendant's defenses.

The parties for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## BURDEN OF PROOF—GENERAL INSTRUCTION

This is a civil case and as such the plaintiff, Keith Lamont Farmer, has the burden of proving, by a preponderance of the evidence, that the defendant, Chris Parker, used excessive force against him.

# PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties - that it is equally probable that one side is right as it is that the other side is right - then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence - he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof - that what the party claims is more likely true than not true - then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as

this and you should put it out of your mind.

19

# REQUESTS FOR ADMISSION

The defendant has introduced into evidence certain "requests for admission," identified as "Exhibit D-25." Some of these requests were admitted by the plaintiff. You are to take the facts admitted in Exhibit D-25 as true for purposes of this case.

# ELEMENTS OF EXCESSIVE FORCE CLAIM

The plaintiff claims that while the defendant Parker was acting under color of authority of Davidson County and the State of Tennessee, as a corrections officer, he intentionally violated the plaintiff's constitutional right under the Due Process Clause of the Fourteenth Amendment to be free from the use of excessive force against him while being detained as a pretrial detainee.

The Due Process Clause of the Fourteenth Amendment protects anyone who has been arrested and detained by the government against the use of excessive force while in pretrial detention. This includes, of course, the right not to be assaulted or beaten without legal justification.

*First*: That the defendant intentionally committed acts constituting the use of excessive force against the plaintiff while the plaintiff was in custody as a pretrial detainee;

*Second*: That in so doing, the defendant acted "under color" of the authority of the State of Tennessee; and

*Third*: That the defendant's acts were the proximate cause of damages sustained by the plaintiff. In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning the first and third factual issues.

On the second factual issue, the parties have agreed that the defendant acted "under color" of state law and you should, therefore, accept that fact as proven.

As previously stated, every pretrial detainee has the right not to be subjected to the use of excessive force again him. On the other hand, not every push or shove, even if it later seems unnecessary, will give rise to a constitutional violation. And an officer has the right, and the duty, to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with jail regulations. The excessive force claim should be analyzed on a sliding scale, depending on whether the circumstances involve a rapidly

21

evolving, fluid, and dangerous predicament or a situation where the defendant has a reasonable opportunity to deliberate.

Whether or not any force used in this instance was excessive is an issue for you, the jury, to decide. You must determine (1) the degree of force, if any, a reasonable and prudent corrections officer would have applied in the circumstances in this case and (2) whether the force, if any, was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In making that second determination, you should consider the amount of force used in relationship to the need presented, the motive of the officer, the extent of the injury inflicted, and any effort made to temper the severity of the force used. Of course, when jail officials maliciously and sadistically use force to cause harm, the result would be unconstitutional, regardless of the significance of the injury to the detainee.

If you should decide for the plaintiff and against the defendant, you must then decide the issue of the plaintiff's damages. For damages to be the proximate result of a constitutional deprivation, it must be shown that the damages are fairly traceable to the constitutional deprivation.

# <u>CAUSATION</u>

An essential element of plaintiff's claim for excessive force is proximate and legal cause. If you find that defendant Parker violated the plaintiff's rights by subjecting him to excessive force on January 22, 2012, you must also decide whether that conduct was the proximate and legal cause of any injuries to the plaintiff.

I will now define for you proximate and legal cause. The proximate cause of an injury is an act which, in natural and continuous sequence, causes an injury and without which the injury would not have occurred. An injury is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A legal cause of an injury is a cause that is a substantial factor in bringing about the injury. The act or omission of a defendant need not be the sole cause to be the legal cause of the claimed injury. It is sufficient if such act or omission was a substantial factor in causing harm.

By "substantial or motivating factor," I do not mean that the defendant's actions must have been the dominant factor or the sole factor in the plaintiff's injuries or damages. All the plaintiff must show is that the defendant's actions were a substantial or motivating factor in his injuries or damages.

23

# DISMISSED CLAIMS

Plaintiff Farmer alleged in the Complaint that Defendant Parker sexually assaulted him during the use of force incident on the morning of January 22, 2012, and verbally threatened him later in the day. The Court has dismissed those claims based on a finding that they do not independently constitute a violation of Plaintiff's constitutional rights. However, you may find that the facts you have heard about those allegations are relevant to the issues before you.

# COMPENSATORY DAMAGES

If you return a verdict for the plaintiff and find that he has suffered actual damages, you may award compensatory damages.

If you find that the defendant Parker violated the plaintiff's right to be free from excessive force, you must determine the amount of damages that will compensate the plaintiff for that violation and any injuries that resulted. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate the plaintiff for the deprivation of his civil rights legally caused by the defendant.

Please keep in mind that the damages that you award for plaintiff's excessive force claim must be fair compensation—no more and no less. Damages may not be based upon speculation or sympathy. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. They must be based upon the evidence presented at trial and only that evidence. In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You should consider the following elements of damage to the extent you find it proved by a preponderance of the evidence:

*First*:  The physical pain and mental suffering plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent, and whether any resulting disability is partial or total;

*Second*: The reasonable value of the medical care and supplies reasonably certain to be needed in the future;

*Third*: The reasonable value of the earning capacity plaintiff is reasonably certain to

25

lose in the future because of plaintiff's injuries.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

When considering the amount of monetary damages, if any, to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any pain and suffering, inconvenience, or loss of enjoyment of life the plaintiff experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing to the present time, and even into the future if you find as fact that the proof presented justifies the conclusion that the plaintiff's pain and suffering and its consequences have continued to the present time or can reasonably be expected to continue in the future.

## NOMINAL DAMAGES

If you find that defendant Parker violated the plaintiff's constitutional right to be free from excessive force but find that the plaintiff did not suffer any actual damages, you may award him damages in the nominal amount of one dollar ($1.00) to recognize the constitutional violation.

# PUNITIVE DAMAGES

If you award the plaintiff compensatory damages or nominal damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that the defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages or nominal damages, standing alone, are likely to deter or prevent this defendant from similar wrongful

conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his wrongful conduct and the degree to which an award of one sum or another will deter the defendant, or persons like him, from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish the defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against whom damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of that defendant in fixing the amount of such damages.

# CERTAINTY OF DAMAGES

Damages are prohibited only when the existence of damage is uncertain, not when the amount is uncertain. Mathematical certainty is not required. It is sufficient if the extent of the damages may be reasonably inferred from the evidence.

## HOW JURORS SHOULD APPROACH THEIR TASK

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict. When a juror does that, his sense of pride may be aroused and he may hesitate to recede from an announced position if shown that it is wrong. Remember that you are not partisans or advocates in this matter, but judges.

Case 3:12-cv-00489   Document 227   Filed 04/18/14   Page 31 of 41 PageID #: 1400

## **EFFECT OF DAMAGES INSTRUCTIONS**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Case 3:12-cv-00489   Document 227   Filed 04/18/14   Page 32 of 41 PageID #: 1401

# SYMPATHY AND HOSTILITY

Sympathy or hostility must not enter into your deliberation as jurors no matter what your sympathy or hostility may lead you to think. Sympathy or hostility has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all.

# DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion, if convinced it is in error. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

# **UNANIMOUS VERDICT**

Your verdict, whether it is for the Plaintiff or for the defendants, must be unanimous. In other words, every one of you must agree with the verdict.

## **GAMBLING VERDICT**

In arriving at the amount of your verdict, you are cautioned to avoid what is known as a gambling or quotient verdict. A gambling verdict is one which would be arrived at by each of the jurors setting down the amount which he or she considers the Plaintiff is entitled to receive, adding the amounts together and dividing by the number of jurors, where the jurors have agreed beforehand to be bound by the result. A verdict arrived at in such manner would be illegal and could not stand. Fair and just compensation in an amount which all jurors can agree upon of their own free will after that particular amount has been discussed and all the jurors are satisfied with it, can be the only basis of a legal verdict rendered for the Plaintiff. The proper verdict will be one arrived at by the jury as the result of free, frank, and open-minded deliberations as fair and just under the law and evidence in this case.

## USE OF NOTES

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes, but only to refresh your own memory. Your notes are not evidence. You may not read from your notes to your fellow jurors or otherwise inform them of what you have written. The notes may contain errors or they may be misunderstood or taken out of context. The notes may only pertain to part of the testimony and may not be an exact account of what was said by a witness. You are free to discuss the testimony of the witnesses with your fellow jurors but each juror must rely on his or her own memory as to what a witness did or did not say.

Case 3:12-cv-00489   Document 227   Filed 04/18/14   Page 37 of 41 PageID #: 1406

## VERDICT FORM - JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in the verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

# FOREPERSON AND VERDICT FORM

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the
verdict upon which you agree.

You will note that the verdict form contains questions which call for a "YES" or "NO" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

Once you have completed the verdict form, return with your verdict to the courtroom.

39

## THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

# COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

The court security officers, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.